(66 Misc. Rep. 174.)

## SCARANO v. LEMLEIN.

(Supreme Court, Appellate Term. February 18, 1910.)

MASTER AND SERVANT (§ 30*)—CONTRACT OF EMPLOYMENT—WRONGFUL DISCHARGE.

    Where two members of a musical mutual protective union entered into a contract of employment, the contract must be read in the light of the by-laws of the union, in so far as they attempted to regulate the terms of employment of its members; and where the servant was suspended from the union, the master could discharge him under a by-law requiring every member to refuse to perform in any orchestra in which any person was engaged who was not a member in good standing.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 30.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Giacinto Scarano against Philip Lemlein. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William A. McQuaid, for appellant.

Worden E. Winne (Harland B. Tibbetts, of counsel), for respondent.

LEHMAN, J. The plaintiff was employed by defendant as a member of his orchestra at Luna Park for the summer of 1906. Both the plaintiff and the defendant were members of the Musical Mutual Protective Union. The union's by-laws provided that: "It shall be the duty of every member to refuse to perform in any orchestra or band in which any person or persons are engaged who are not members in good standing."

In July the plaintiff had some trouble with the union, and according to his own story the defendant said: "You are suspended from the union." The plaintiff then said he didn't know anything about it, and defendant said: "I am very sorry; from this day your services are not required." Later plaintiff testified that defendant added: "Unless you fix with the union." Plaintiff claims that he never was notified that he was expelled from the union, and defendant's evidence on that point was incompetent; but plaintiff stated that: "Before I was suspended, he asked me if he would not pay for me that fine, and I said: 'No; because I am right. I don't want to have any obligation to anybody.'"

Disregarding the defendant's testimony, we have the plaintiff's admission that he was fined by the union, that defendant offered to pay the fine, that he was thereafter suspended from the union, and that defendant then told him that he would not require his services until he arranged his trouble with the union. The trial justice held that this constituted a wrongful discharge.

It seems to me that, where two members of a protective union enter into a contract of employment, there is a presumption that the contract is to be read in the light of the union's by-laws, in so far as these by-laws attempt to regulate the terms of employment of its members, and that the defendant could properly discharge the plaintiff when under the by-laws of the union the plaintiff was precluded from performing his work.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.